IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 3:12-897-CMC |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Eddie Wilbert Mobley, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant's letter, construed as motion for change in sentence. ECF No. 273. Defendant argues that he should return to court for a "mental health evaluation so that I may be committed to an appropriate mental health institution and allow my prison sentence to be mitigated accordingly." Mot. at 2.

Rule 35(a) of the Federal Rules of Criminal Procedure permits a court to "correct a sentence that resulted from arithmetical, technical, or other clear error" within fourteen days after the oral announcement of the sentence. See Rules 35(a) and (c), Fed.R.Crim.P. The sentence was orally announced on July 10, 2013, and, accordingly, the deadline for any action by the court on a Rule 35(a) motion is well past.[1] Therefore, the court is without jurisdiction to act upon Defendant's motion in this regard.

Apart from Rule 35(a), a district court has no jurisdiction to alter a defendant's term of imprisonment except as authorized by 18 U.S.C. § 3582 or 18 U.S.C. § 3742.

Title 18 United States Code § 3582(c) limits the court's authority to modify a final judgment that includes a sentence of imprisonment to three specific circumstances. *See* 18 U.S.C. § 3582(c)

---

[1] As part of the sentence imposed, the court recommended that Defendant receive a mental health evaluation. *See* Judgment Order at 2, ECF No. 189.

1

(the court can modify a judgment (1) upon motion of the Director of the Bureau of Prisons ("BOP") for statutorily-specified reasons, (2) upon motion of the government for substantial assistance, or (3) upon motion of the defendant or the BOP, or upon the court's own motion, because of a subsequent lowering of the applicable sentencing range.). None of these circumstances applies to Defendant's current motion.

After an appeal, the court can modify a sentence if the sentence is found by the appellate court to have been imposed in violation of law or imposed as a result of an incorrect application of the sentencing guidelines, as provided for in 18 U.S.C. § 3742. Defendant did not appeal his conviction or sentence.

Defendant's letter does not allege that any of these circumstances applies. Additionally, matters relating to BOP policy, such as where a defendant serves his sentence, are not issues within the jurisdiction of this court. Therefore, the court lacks jurisdiction to modify Defendant's sentence, and Defendant's letter, construed as a motion for change in sentence, is denied for lack of jurisdiction.

However, the court also construes Defendant's letter to raise concerns regarding his capacity to enter his guilty plea. "[A] motion directly attacking the prisoner's conviction or sentence will usually amount to" a § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003). The court construes Defendant's letter to directly attack his conviction.

If this court construes this letter as a motion for relief under § 2255, Defendant should be given the opportunity to either withdraw this motion, or amend it to include all grounds he wishes

to raise in a § 2255 motion, as several consequences result from the filing and consideration on the merits of a § 2255 motion. *Castro v. United States*, 540 U.S. 375, 377 (2003).[2]

Because these limitations affect future filings by Defendant if this court proceeds with the presently-filed motion as one for relief under § 2255, the court notifies Defendant of its intent to construe the letter filed December 29, 2015, as a motion for relief under § 2255. Defendant shall either move to withdraw the motion if he so chooses, or amend it to include all the grounds for relief he wishes to pursue by **Friday, January 22, 2016**.[3]

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 5, 2016

---

[2]The Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, placed specific restrictions on second or successive motions under 28 U.S.C. § 2255. Prior to filing a second or successive petition under § 2255, Defendant would be required to obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive petition. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Therefore, any subsequent motion by Defendant would be barred absent this permission to file.

[3]The court takes no position at this time as to the timeliness of a motion for relief under 28 U.S.C. § 2255.