IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 3:12-897 (CMC) |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Eddie Wilbert Mobley, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant's motion for relief, filed in this court pursuant to 28 U.S.C. § 2255. On December 29, 2015, Defendant filed a letter that included concerns regarding his capacity to enter a guilty plea, construed by this court as directly attacking his conviction and therefore as a motion for relief under § 2255. ECF No. 273. The court advised Defendant of its intention to construe his letter as a § 2255 motion, and notified Defendant that he could either move to withdraw the motion or amend it to include all of the grounds for relief he wished to pursue. ECF No. 274. Defendant then filed an "Amended Letter, Construed by the court herein as a Motion for Change in Sentence." ECF No. 276. As the court had previously notified Defendant of its intention to construe his letters as a motion for relief under § 2255, the court herein addresses this filing as such.

**I. BACKGROUND**

In November of 2012, Defendant was indicted on one count of conspiracy to commit robbery affecting interstate commerce, a violation of 18 U.S.C. § 1951(a); one count of conspiring to possess cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(A); one count of possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1); one count of conspiring to use and carry a firearm during the commission of a crime of

1

violence or a drug trafficking crime, in violation of 18 U.S.C. § 924(o); one count of using and carrying a firearm during the commission of a crime of violence or a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2; and one count of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and 924(e).

In February of 2013, Defendant was charged in a superceding indictment with the same crimes as above. On April 3, 2013, Defendant entered a plea of guilty as to counts 1, 5, and 7 of the Superceding Indictment: conspiracy to commit Hobbes Act Robbery, using and carrying a firearm during and in relation to a crime of violence or drug trafficking crime, aiding/abetting, and felon in possession of a firearm and ammunition.

On July 10, 2013, Defendant appeared for sentencing with counsel. Defendant was sentenced to one hundred and eleven (111) months' incarceration, consisting of fifty-one (51) months as to Counts 1 and 7 and sixty (60) months consecutive as to Count 5.

Defendant did not appeal his conviction or sentence. An Amended Judgment reducing sentence pursuant to USSC Amendment 782 was entered on July 27, 2015, reducing his sentence to a total term of one hundred and one (101) months. ECF No. 247. Defendant filed his initial letter that this court construed as a motion for relief under § 2255 on December 29, 2015, and filed the current motion encompassing all § 2255 claims, as directed by this court, on January 20, 2016. ECF Nos. 273 and 276, respectively.

**II. TIMELINESS**

Title 28, United States Code § 2255(f) imposes a one-year statute of limitation on motions for relief under 28 U.S.C. § 2255. Pursuant to the AEDPA, the limitation period runs from the latest of:

>(1) the date on which the judgment of conviction becomes final;
>
>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2255(f). Therefore, unless subject to a statutory exception, a defendant must file an application for relief under § 2255 within one year of his or her conviction becoming final.

Defendant's motion for relief was not filed until December 29, 2015, at the earliest. Therefore, Defendant's motion appears untimely under the statutory provisions of § 2255.

### III. EQUITABLE TOLLING

The Supreme Court has determined that the time limit for the filing of habeas corpus petitions "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631 (2010).[*] A movant is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Whether a circumstance warrants equitable tolling is made on a case-by-case basis. *Holland*, 560 U.S. at 650 (quoting *Baggett v. Bullitt*, 377 U.S. 360, 375 (1964)).

Defendant has provided no basis for the application of equitable tolling in his motion.

---

[*] *Holland* was a case involving whether equitable tolling applied to an untimely petition for relief under 28 U.S.C. § 2254. However, the Supreme Court's holding applies with equal force to motions for relief under § 2255. *See, e.g.*, *United States v. Terrell*, 405 F. App'x 731 (4th Cir. 2010).

3

## V. CONCLUSION

Defendant's motion to vacate under § 2255 appears untimely. However, this court hereby orders the Government to file a response to Defendant's motion by February 11, 2016. Defendant shall have the opportunity to reply to the Government's response, and shall also address any grounds for equitable tolling of the statutory period for the filing of his § 2255 motion. Defendant's response shall be filed by March 1, 2016.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina
January 28, 2016