IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | CRIMINAL NO. 3:12-897 (CMC) |
| v. | **OPINION and ORDER** |
| Eddie Wilbert Mobley, | |
| Defendant. | |

This matter is before the court on the Government's Motion to Dismiss Defendant's motion for relief, filed in this court pursuant to 28 U.S.C. § 2255. ECF NO. 279. On December 29, 2015, Defendant filed a letter that included concerns regarding his capacity to enter a guilty plea, construed by this court as directly attacking his conviction and therefore as a motion for relief under § 2255. ECF No. 273. The court advised Defendant of its intention to construe his letter as a § 2255 motion, and notified Defendant that he could either move to withdraw the motion or amend it to include all of the grounds for relief he wished to pursue. ECF No. 274. Defendant then filed an "Amended Letter, Construed by the court herein as a Motion for Change in Sentence." ECF No. 276. This court entered an Order noting the likely untimeliness of Defendant's motion, but directing the Government to respond and Defendant to address any bases for equitable tolling of the time period allowed to file a motion under § 2255. ECF No. 277. The Government then filed a Motion to Dismiss Defendant's § 2255 Petition as untimely (ECF No. 279), and Defendant filed his reply and purported response to the equitable tolling issue. ECF No. 280. For the reasons below, the Government's Motion to Dismiss is **granted**, and Defendant's Motion to Vacate pursuant to § 2255 is **dismissed**.

1

**I. BACKGROUND**

In November of 2012, Defendant was indicted on one count of conspiracy to commit robbery affecting interstate commerce, a violation of 18 U.S.C. § 1951(a); one count of conspiring to possess cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(A); one count of possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1); one count of conspiring to use and carry a firearm during the commission of a crime of violence or a drug trafficking crime, in violation of 18 U.S.C. § 924(o); one count of using and carrying a firearm during the commission of a crime of violence or a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2; and one count of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and 924(e).

In February of 2013, Defendant was charged in a superceding indictment with the same crimes as above. On April 3, 2013, Defendant entered a plea of guilty as to counts 1, 5, and 7 of the Superceding Indictment: conspiracy to commit Hobbes Act Robbery, using and carrying a firearm during and in relation to a crime of violence or drug trafficking crime, aiding/abetting, and felon in possession of a firearm and ammunition.

On July 10, 2013, Defendant appeared for sentencing with counsel. Prior to sentencing, Defendant had filed a Motion for Variance for a sentence below the guideline range, due to Defendant's diminished mental capacity. ECF No. 175. The court considered and denied this motion at sentencing. ECF No. 187. Defendant was sentenced to one hundred and eleven (111) months' incarceration, consisting of fifty-one (51) months as to Counts 1 and 7 and sixty (60) months consecutive as to Count 5.

Defendant did not appeal his conviction or sentence. An Amended Judgment reducing sentence pursuant to USSC Amendment 782 was entered on July 27, 2015, reducing his sentence to a total term of one hundred and one (101) months. ECF No. 247. Defendant filed his initial letter that this court construed as a motion for relief under § 2255 on December 29, 2015, and filed the current motion encompassing all § 2255 claims, as directed by this court, on January 20, 2016. ECF Nos. 273 and 276, respectively.

## II. TIMELINESS

Title 28, United States Code § 2255(f) imposes a one-year statute of limitation on motions for relief under 28 U.S.C. § 2255. Pursuant to the AEDPA, the limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2255(f). Therefore, unless subject to a statutory exception, a defendant must file an application for relief under § 2255 within one year of his or her conviction becoming final.

Defendant's motion for relief was not filed until December 29, 2015, at the earliest. Therefore, Defendant's motion is untimely under the statutory provisions of § 2255.

### III. EQUITABLE TOLLING

The Supreme Court has determined that the time limit for the filing of habeas corpus petitions "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631 (2010).[*] A movant is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Whether a circumstance warrants equitable tolling is made on a case-by-case basis. *Holland*, 560 U.S. at 650 (quoting *Baggett v. Bullitt*, 377 U.S. 360, 375 (1964)).

Defendant has provided no basis for the application of equitable tolling, either in his § 2255 motion or in his reply. While Defendant asserts that he was "mentally unstabled [*sic*] and incompetent at the time of the commission of the alleged crimes and during his plea of guilty on April 3, 2013 and the sentencing on July 19, 2013" (ECF No. 280), he does not provide any information as to the time period relevant to this Motion: that between his sentencing and the end of the limitation period for filing a § 2255 motion. As noted by the Government in its Motion to Dismiss, Defendant did not assert any facts to show that he diligently pursued this matter during the relevant time frame, or any extraordinary circumstance that applied to the relevant time period and kept him from timely filing his § 2255 motion. Therefore, equitable tolling does not apply, and Defendant's § 2255 motion is untimely.

### IV. MERITS OF INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

Even if Defendant's motion had been timely filed, his ineffective assistance of counsel claim fails on the merits. Defendant argues that his diminished mental capacity rendered him incompetent

---

[*]*Holland* was a case involving whether equitable tolling applied to an untimely petition for relief under 28 U.S.C. § 2254. However, the Supreme Court's holding applies with equal force to motions for relief under § 2255. *See, e.g.*, *United States v. Terrell*, 405 F. App'x 731 (4th Cir. 2010).

at the time of the commission of the crime, during his guilty plea, and at his sentencing. ECF No. 280. However, the record shows that his mental capacity and history of mental illness was well known both to Defendant's attorney and to the court, and considered appropriately at the time of his plea and sentencing.

At Defendant's plea hearing, the court inquired about Defendant's ability to read and write, any history of mental illness, and history of substance abuse. When Defendant indicated that he could not read or write, the court discussed this in detail with Defendant and his attorney, and Defendant noted that his attorney read and explained the documents of the case to him. Regarding mental illness, the court questioned Defendant extensively concerning his past treatment and any diagnoses and medications. At that time, neither Defendant nor his counsel advised the court of any condition that would impair his capacity to understand the plea, and Defendant in fact stated that he was able to understand his rights and make the important decision to plead guilty.

Similarly, Defendant's mental capacity was fully considered at his sentencing as well. His Pre-sentence Report (PSR) contained information regarding mental health treatment, diagnoses, and medications, including inpatient hospitalizations when he was an adolescent. ECF No. 193 (Court only). Defendant's substance abuse history was also detailed. Further, Defendant, through his attorney, filed a Motion for Variance in regards to sentencing, citing Defendant's diminished mental capacity as the reason to impose a sentence below the guideline range. ECF No. 175. This motion discussed Defendant's participation in the conspiracy, and how his mental capacity "made him an easy target" and "caused him to compulsively jump at any opportunity," including this conspiracy. *Id.* at 6-7. Although this motion and information was fully considered by the court, the motion for variance based on diminished mental capacity was denied at sentencing. ECF No. 187. The court,

5

however, did vary below the guideline range in the PSR based on a lower drug weight calculation. Defendant received a sentence within, but at the very low end of the revised guideline range.

The record indicates that Defendant was mentally competent at his guilty plea and sentencing. Therefore, Defendant's § 2255 Motion would fail even if it had been timely filed.

## V. CONCLUSION

Defendant's Motion to Vacate Sentence under § 2255 is untimely filed and thus cannot be granted. However, this Motion also fails on the merits, as Defendant is unable to show that his counsel was ineffective in that he failed to appreciate and raise Defendant's mental status and capacity to understand his plea bargain. Therefore, the Government's Motion to Dismiss is **granted**, and Defendant's Motion to Vacate under § 2255 is **dismissed**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
February 18, 2016