IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| United States of America, | ) | CRIMINAL NO. 3:12-897-CMC |
|---|---|---|
| v. | ) | **OPINION AND ORDER** |
| Eddie Wilbert Mobley, | ) | |
| Defendant. | ) | |

Defendant filed a motion in this court pursuant to 28 U.S.C. § 2255, challenging his conviction for a violation of 18 U.S.C. § 924(c).[1] ECF No. 343. The Government filed a motion to dismiss or for summary judgment. ECF No. 347. Defendant filed a response in opposition to summary judgment. ECF No. 348.[2]

### I. Background

On February 19, 2013, Defendant was charged in a Superseding Indictment with the following counts: 1) conspiracy to commit Hobbs Act Robbery; 2) conspiracy to possess with intent to distribute cocaine; 3) attempt to possess with intent to distribute cocaine; 4) conspiracy to knowingly use and carry a firearm in relation to a drug trafficking crime "as set forth in Counts 2 and 3 of this Indictment," and in relation to a crime of violence "as set forth in Count 1 of this Indictment"; 5) knowing use and carrying of a firearm during and in relation to a drug trafficking

---

[1] Defendant originally filed a *pro se* motion to vacate. ECF No. 327. The Federal Public Defender then filed the instant motion.

[2] This matter was held in abeyance pending the *en banc* decision of the Fourth Circuit in *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019), and the decision of the Supreme Court in *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019).

crime "as set forth in Counts 2 and 3 of this Indictment," and in relation to a crime of violence "as set forth in Count 1 of this Indictment," and 7) felon in possession of a firearm. ECF No. 123.

On April 3, 2013, Defendant pled guilty, pursuant to a Plea Agreement, to Counts 1, 5, and 7 of the Indictment: conspiracy to commit Hobbs Act Robbery (Count 1), a violation of § 924(c) (Count 5), and felon in possession (Count 7). ECF No. 142. The Plea Agreement noted Count 5, the § 924(c) count, charged "using/carrying firearm(s) during and in relation to, and possessing firearms in furtherance of a crime of violence and/or drug trafficking crime." *Id.* at ¶ 1. Judgment was entered on July 11, 2013. ECF No. 216. Defendant was sentenced to a total term of 111 months, consisting of 51 months as to Counts 1 and 7, to run concurrently, and 60 months as to Count 5, consecutive. *Id.* Defendant did not appeal. On July 27, 2015, an Amended Judgment was entered pursuant to Amendment 782, reducing Defendant's sentence to a total term of 101 months, consisting of 41 months as to Counts 1 and 7, concurrent, and 60 months consecutive as to Count 5. ECF No. 247.

## II.  18 U.S.C. § 924(c)

Title 18 U.S.C. § 924(c) provides that a defendant shall be subject to a consecutive sentence if he or she, "during and in relation to any crime of violence or drug trafficking crime. . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm. . . ." 18 U.S.C. § 924(c)(1)(A).

A "drug trafficking crime" for purposes of § 924(c) means "any felony punishable under the Controlled Substances Act (21 U.S.C. §§ 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951 et seq.), or chapter 705 of title 46." § 924(c)(2). The statute defines a "crime of violence" as:

an offense that is a felony and –

2

> (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.[3]

§ 924(c)(3).

The Fourth Circuit has held conspiracy to commit Hobbs Act Robbery cannot qualify as a crime of violence under the force clause of §924(c)(3)(A). *United States v. Simms*, 914 F.3d 229, 233-34 (4th Cir. 2019). The *Simms* court also concluded the residual clause of §924(c)(3)(B) is unconstitutionally vague and therefore void. *Id.* at 236.

On June 24, 2019, the Supreme Court also decided the residual clause of § 924(c)(3)(B) is void for vagueness. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). In doing so, the Court rejected application of a case-specific approach for § 924(c) and applied the categorical approach.[4] *Id.* at 2327-2332.

### III. Discussion

Defendant argues his § 924(c) conviction in Count 5 was predicated on the conspiracy to commit Hobbs Act Robbery conviction in Count 1, which cannot serve as an underlying offense as it is not a crime of violence as defined in § 924(c)(3)(A), the "force clause," and §924(c)(3)(B) is invalid. ECF Nos. 327, 343. Defendant further argues the § 924(c) count was not predicated on the drug trafficking crimes in Counts 2 and 3, as Defendant was not convicted on those counts.

---

[3] § 924(c)(3)(A) is known as the "force clause" or "elements clause" (referred to herein as the force clause) and § 924(c)(3)(B) is known as the "residual clause."

[4] *Davis* did not address the force clause issue, as the Fourth Circuit did in *Simms*, because the lower court determined conspiracy to commit Hobbs Act Robbery did not qualify under the force clause, and this holding was not appealed. *Id.* at 2325.

3

ECF No. 343 at 3. The Government has moved for summary judgment, arguing Defendant's claim is barred by his valid guilty plea and appeal waiver, is untimely,[5] and fails on the merits as Defendant's § 924(c) charge was based on drug trafficking crimes as well as a crime of violence. ECF No. 347-1. Defendant responded, arguing his §924(c) conviction was based only on the Hobbs Act Robbery conspiracy, not the drug trafficking crimes. ECF No. 348. He also argues his appeal waiver should not be enforced and his motion was not untimely. *Id.*

The court finds Defendant's § 924(c) conviction is no longer valid. Conspiracy to commit Hobbs Act Robbery no longer qualifies as a crime of violence under the now invalidated residual clause or under the force clause of § 924(c), and Defendant did not admit facts supporting the elements of Counts 2 or 3, the drug trafficking crimes referenced in Count 5.

    *a. Analysis*

Defendant was charged with knowingly using or carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking crime **and** a crime of violence. ECF No. 123 at 5 ("That on or about October 30, 2012, in the District of South Carolina, the Defendants . . . did knowingly use and carry firearms during and in relation to, and did possess firearms in furtherance of, a drug trafficking crime as set forth in Counts 2 and 3 of this Indictment, and did knowingly use and carry firearms during and in relation to, and did possess firearms in furtherance of, a crime of violence as set forth in Count 1 of this Indictment, which are felonies prosecutable in a Court of the United States . . ."). His Plea Agreement reflects both bases for §924(c), though he did not plead guilty to either drug trafficking crime. ECF No. 142 at ¶ 1 ("The

---

[5] Subsequent to *Davis*, the Government no longer raises these issues in challenges to § 924(c) based on that case and *Simms*. *See United States v. Steven Eddington*, Cr. No. 07-1149, at ECF No. 463.

4

Defendant agrees to plead guilty to Counts 1, 5, and 7 of the Superseding Indictment now pending . . . Count 5 charges using/carrying firearm(s) during and in relation to, and possessing firearms in furtherance of a crime of violence and/or drug trafficking crime."). At his change of plea hearing, the court explained the charge in Count 5 as follows:

> Court: Count 5 charges that on or about October the 30 of 2012, here in South Carolina, that you along with others did knowingly use and carry firearms during and in relation to and did possess firearms in furtherance of a drug trafficking crime as set forth in Counts 2 and 3 of the indictment, and you did knowingly use and carry firearms during and in relation to and did possess the firearms in furtherance of a crime of violence as set forth in Count 1 of the indictment, . . .
> In order to prove Count 5, the Government would have to be able to prove that you knowingly used or carried a firearm during and in relation to and/or possessed a firearm in furtherance of a crime of violence or a drug trafficking crime, or aided and abetted another in committing such an offense, and that the crime of violence or the drug trafficking crime is prosecutable in a court of the United States. . . .
> Do you understand the charge, what the Government would have to prove, and the penalties that go with Count 5? Mr. Mobley?
> …
> Defendant: Yes, ma'am.

ECF No. 340 at 32-34.

The Government, through ATF Special Agent Brian Lovin, summarized the evidence against Defendant, explaining the involvement of a confidential informant:

> [T]he confidential informant presented an opportunity to Mr. Jones that he knew individuals that were drug runners for other drug traffickers, and a robbery opportunity was presented to Mr. Jones. Later Mr. Jones and Mr. Boyce met with two undercover ATF agents to discuss that robbery opportunity of ten to 12 kilos of cocaine. . .
> Later Mr. Jones, Mr. Boyce, Mr. Davis, and Mr. Howard also met with the undercover ATF agents to discuss that robbery, . . . [a]t the end of each of these meetings each individual was given the opportunity to withdraw from the conspiracy by the undercover agents. Each declined and again presented that they were willing to participate in the armed robbery of these drug traffickers for ten to twelve kilos of cocaine.
> On October the 30th each of these individuals, to include Mr. Mobley, met with the ATF under – I'm sorry – the confidential informant. During that date Mr. Jones removed himself or did not go to the robbery. Instead, he provided a firearm to Mr. Mobley to go in his place which was a .40 caliber Taurus pistol.

5

> These individuals, to include Mr. Howard – I mean, sorry – Mr. Boyce met with the undercover agents again. During that meeting prior to their arrest the undercover agents met with Mr. Mobley to discuss his willingness to participate in the robbery, discussed details of the robbery, and again provided him an opportunity to withdraw himself from the conspiracy.
>
> Mr. Mobley indicated that he was willing to participate in the robbery. Later, a short time later, these individuals were taken into custody, during which time again Mr. Mobley had in his possession this .40 caliber Taurus firearm.
>
> The vehicle which Mr. Howard, Mr. Boyce, Mr. Davis and Mr. Mobley were riding in had two shotguns, one J.C. Higgins 12-gauge shotgun, a 12 gauge shotgun manufactured by Harrington & Richardson. . . . Mr. Davis and Mr. Mobley after advising them of their rights did confess to their participation in the home invasion robbery.
>
> The court: When you say they confessed to their participation in the home invasion robbery, you mean another one?
>
> Special Agent Lovin: No.
>
> The court – or the planned sting one?
>
> Special Agent Lovin: The one in question.
>
> The court: So they confessed to agreeing to participate in what they thought was going to be a home invasion robbery to steal cocaine?
>
> Special Agent Lovin: Correct.
>
> The court: Okay.
>
> Special Agent Lovin: To steal the ten to twelve kilos of cocaine, one of which would be given to the undercover agents as payment for the information. The rest of the ten to twelve kilos would be split up amongst the robbery crew, to include Mr. Jones.
>
> The court: So even though Jones didn't go, he kept an interest in the deal? He didn't withdraw?
>
> Special Agent Lovin: Correct. He actually sent Mr. Mobley in his place and provided a firearm to Mr. Mobley to go in his stead.
>
> Ms. Haynes: And Count 5 would be the use of those firearms that he mentioned were recovered in the vehicle. Mr. Mobley actually had the Taurus .40 caliber on his person when they were arrested. And there were also in the vehicle two long guns that they had brought for use during the robbery.
> …
> There was also with regards to Mr. Mobley, that Taurus .40 caliber that he had on him had traveled in interstate commerce. Taurus is manufactured I believe in Brazil
>
> Special Agent Lovin: Brazil.
>
> Ms. Haynes: and imported into the United States. And Mr. Mobley does have a prior burglary conviction for which he has not been pardoned or paroled. So he is prohibited under § 922(g) from having firearms and ammunition.

*Id.* at 44-48. The court then inquired of Defendant:

The first Count is the conspiracy Count. Do you agree that you went along with others in a plan and it was your belief when you went along with it that you were going to assist in an armed robbery of drug dealers and to steal cocaine from them using you and that your group would use firearms to do this and threaten or shoot people if necessary? Do you agree that you were part of such an agreement? Mr. Mobley?
Defendant: No.
Court: Okay. All right. Mr. Mobley, the agent told me that you were late to this game I guess. You showed up on the day at the last minute?
Defendant: Yes.
Court: Is that right? And he said that they discussed with you the plan. So what I'm wondering is, did you or did you not know what was going to happen, what the plan was?
Defendant: Yeah, I understand, Your Honor.
Court: Did you know that the plan was to commit an armed – that you were going to go with some guys and that they were going to commit an armed robbery from some other people using guns?
Defendant: Yes, ma'am.
Court: You did?
Defendant: [Nods head affirmatively]
…
Court: And was it your understanding that those guns were going to be used by the group to rob the stash house?
Defendant: Yes, ma'am.
Court: Okay. Did you know that it was going to be a robbery of drugs?
Defendant: To be honest with you, no.
Court: They never told you they were going to steal kilos?
Defendant: No.
Court: They never told you they were going to a stash house?
Defendant: I'm beyond – I thought it was weed. I thought it was weed.
Court: That's okay. That's drugs.
Defendant: Yeah. I know. But I thought it was weed. I didn't know it was ounces-
Court: So you thought you were going to steal some –
Defendant: Yeah. Weed.
Court: Marijuana?
Defendant: Yeah.
Court: Okay. All right. And you – is it true that Mr. Jones gave you that .40 caliber Taurus?
Defendant: Is it on audio and video? Yes. Yes.
Court: If you want to plead guilty, it doesn't matter whether its on audio or video, you don't have to plead guilty. You can go to trial if you find out its on audio or video. If you want to plead guilty, I need your admission if its true that you got the gun.
Defendant: Its true.
…

> Court: Okay. All right. Now, so the findings are then that there were a total of three weapons. The Taurus came from Jones and went to Mobley. The shotguns came from Boyce and went to Davis and Howard who put them on the floor. And the plan was that the four were going to a location which was allegedly a stash house to steal drugs from other people. Does everyone agree with that? Mr. Mobley?
> Defendant: Yes, ma'am.
> Court: Mr. Mobley, do you have any questions about anything?
> Defendant: No, ma'am.
> Court: Did you understand what we went over?
> Defendant: Yes, ma'am.
> Court: Mr. Mobley, as to Counts 1, 5, and 7, how do you wish to plead? Not guilty or guilty?
> Defendant: Guilty.

*Id.* at 49-55.

It is clear from the facts recited and from Defendant's admissions that the conduct underlying the possession of the firearms, on the same day (October 30, 2012), was a conspiracy not only to commit Hobbs Act Robbery but also to steal drugs from the stash house: the firearms were carried and possessed with the intent to commit a robbery of a stash house to steal and ultimately possess drugs.

Two drug trafficking crimes (Counts 2 and 3 of the Indictment - conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and attempt to possess with intent to distribute 5 kilograms or more of cocaine, respectively) were cited, along with the conspiracy to commit Hobbs Act Robbery in Count 1, as underlying offenses for the § 924(c) charge in Count 5. While Defendant pled guilty only to Counts 1, 5, and 7, it was not necessary that Defendant be convicted of a drug trafficking crime in order for his § 924(c) conviction to rest on one. Section 924(c)(1)(A) notes, in part, the drug trafficking crime or crime of violence must be one "for which the person **may be** prosecuted in a court of the United States." *See also United States v. Crump*, 120 F.3d 462, 466 (4th Cir. 1997) ("In accordance with the views of all the circuits considering the question, we hold that a defendant's conviction under §924(c)(1) does not depend on his being convicted –

8

either previously or contemporaneously – of the predicate offense, <u>as long as all of the elements of that offense are proved and found beyond a reasonable doubt</u>.") (emphasis added). In this case, Defendant was prosecuted for both a crime of violence and two drug trafficking crimes. He did not, however, admit to the elements of Counts 2 or 3, as he denied knowledge of a conspiracy or attempt to steal and possess with intent to distribute cocaine. The colloquy with Defendant at the change of plea hearing made this clear, as quoted above: he denied knowledge of cocaine and stated he thought they were going to steal marijuana. The court, nevertheless, accepted the plea to the § 924(c) charge because the Hobbs Act Robbery conspiracy, then a qualifying underlying offense, was established.

Therefore, because conspiracy to commit Hobbs Act Robbery can no longer serve as an underlying offense for Defendant's § 924(c) conviction after *Simms* and *Davis*, his §924(c) conviction cannot stand.

## IV. Conclusion

Defendant's challenge to his conviction under § 924(c) succeeds because conspiracy to commit Hobbs Act Robbery can no longer serve as an underlying offense, and his § 924(c) conviction was not predicated on a drug trafficking crime. The Government's motion for summary judgment (ECF No. 347) is denied and Defendant's § 2255 motions (ECF Nos. 327, 343) are granted. Defendant's conviction on Count 5 is vacated and this matter is set for resentencing on October 16, 2019 at 3:30pm.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
August 26, 2019